[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON AETNA'S MOTION TO INTERVENE
In these three cases, it is alleged that the defendant negligently caused a fire which resulted in damage to the plaintiffs. The defendant operated an auto body repair business and the fire started at that premises.
The prospective intervenor Aetna Life and Casualty Company moves to intervene in order to resolve an issue regarding insurance coverage in the event the defendant Joseph Gentile is found liable to pay damages. The issue as presented at oral argument appears to hinge on a finding of whether Mr. Gentile was working on an automobile at his place of business, or whether he was working on his boat at his place of business. If the latter were the case, it may be that any losses are not the responsibility of the proposed intervenor under its contract with Mr. Gentile.
The proposed intervenor has, however, brought a separate action for declaratory judgment on this precise issue, titled Aetna Life and Casualty Company v. Joseph Gentile, in the Superior Court in Hartford. Nevertheless, Aetna contends that as a result of our Supreme Court's holding in St. Paul Fire Marine Ins. Co. v. Shernow, 222 Conn. 823 (1992), its interest may be affected by the outcome of these lawsuits, and in fact, it proposes to influence that outcome by propounding interrogatories to the jury which would require that the jury not just make findings regarding negligence and damages, but also regarding how the fire started so that the coverage issue can be resolved.
This kind of intervention has previously been analyzed with thoroughness and care in the case of Robert Chenkus v. Brian Dickson, 2 Conn. L. Rptr. 348 (Superior Ct. 1990). The discussion in that case fully applies here. Aetna's presence in these law suits is not necessary to a resolution of the issues between plaintiffs and defendant. Nor does the holding in St. Paul Fire 
Marine Ins. Co. v. Shernow, supra, supply a reason to permit intervention. There, the only finding in the underlying tort case which might bind the insurer was the jury verdict which found the defendant/insured liable to pay damages to the plaintiff. The issue of whether the losing defendant's damages must contractually be paid by an insurer was properly the subject of declaratory judgment action brought and appealed by St. Paul. The insurer is fully CT Page 6711-X capable of raising all issues necessary to a disposition of the insurance contract dispute in the separate declaratory judgment action.
Accordingly, the Motion to Intervene in the three pending tort actions is denied.